## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT WILHOIT, CHRISTINA HARGROVE, GIJI MISCHEL DENNARD, JULIE MAGERS, MEGAN SMALL, REGINA RUSGROVE, and LISA MARSHALL, individually, and on behalf of the class and all others similarly situated,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>ASTRAZENECA PHARMACEUTICALS, LP,<br><br>      *Defendant*. | C.A. No. 1:22-cv-1634-GBW |

---

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF RENEWED MOTION TO DISMISS COUNT III OF PLAINTIFFS' <u>FIRST AMENDED COMPLAINT</u>

Dated: April 24, 2023

MORGAN, LEWIS & BOCKIUS LLP
Jody C. Barillare (#5107)
1201 North Market Street, Suite 2201
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
jody.barillare@morganlewis.com

*Attorneys for Defendant AstraZeneca*
*Pharmaceuticals, LP*

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION AND STATEMENT OF THE NATURE OF PROCEEDINGS.................................................................................1

II.  STATEMENT OF FACTS ....................................................................4

    A.   AstraZeneca Implements a COVID-19 Vaccination Requirement. ...........................................................................4

    B.   AstraZeneca's Interactive Process for COVID-19 Vaccine Mandate Accommodations.................................................5

III. ARGUMENT..........................................................................................6

    A.   Plaintiffs' Title VII "Natural Immunity" Claim (Count III) Should Be Dismissed for Failure to State a Claim.............6

IV.  CONCLUSION.....................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abramson v. William Paterson Coll. of N.J.*,
 260 F.3d 265 (3d Cir. 2001) ..............................................................7

*Ananias v. St. Vincent Med. Grp., Inc.*,
 No. 22-CV-1723-RLM, 2022 WL 17752208 (S.D. Ind. Dec. 19,
 2022) .............................................................................................15

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)....................................................................6, 7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..........................................................................6

*Bridges v. Houston Methodist Hosp.*,
 543 F. Supp. 3d 525 (S.D. Tex. 2021), *aff'd sub nom. Bridges v.
 Methodist Hosp.*, 2022 WL 2116213 (5th Cir. June 13, 2022) .....................9, 15

*Brown v. Interbay Funding LLC*,
 198 F. App'x 223 (3d Cir. 2006) .............................................................3

*In re Burlington Coat Factory Sec. Litig.*,
 114 F.3d 1410 (3d Cir. 1997) ...............................................................4

*Cir. City Stores, Inc. v. Citgo Petroleum Corp.*,
 1994 WL 483463 (E.D. Pa. Sept. 7, 1994)..........................................................3

*Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*,
 877 F.3d 487 (3d Cir. 2017) ....................................................12, 15

*Federoff v. Geisinger Clinic*,
 571 F. Supp. 3d 376 (M.D. Pa. 2021).............................................................10

*Hughes v. Terminix Pest Control, Inc.*,
 No. 22-CV-3676, 2023 WL 2562720 (E.D. La. Mar. 17, 2023).......................15

*Jackson v. Carter*,
 2017 WL 2426862 (D.N.J. June 5, 2017)..........................................................3

*Jacobson v. Massachusetts*,
  197 U.S. 11 (1905)...........................................................................................10

*Johnson v. Tyson Foods, Inc.*,
  607 F. Supp. 3d 790 (W.D. Tenn. 2022) ..........................................................15

*Keene v. City & Cnty. of San Francisco*,
  2022 WL 4454362 (N.D. Cal. Sept. 23, 2022)............................................10, 15

*McCutcheon v. Enlivant ES, LLC*,
  No. 21-CV-00393, 2021 WL 5234787 (S.D.W. Va. Nov. 9, 2021)...................15

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973)............................................................................................7

*Passarella v. Aspirus, Inc.*,
  No. 22-CV-287-JDP, 2023 WL 2455681 (W.D. Wis. Mar. 10,
  2023) ...............................................................................................................13

*Phillips v. Cnty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ...............................................................................6

*Ramseur v. Concentrix CVG Customer Mgmt. Grp. Inc.*,
  467 F. Supp. 3d 316 (W.D.N.C. 2020), *aff'd*, 837 F. App'x 204
  (4th Cir. 2021).....................................................................................................9

*Riddell v. Gordon*,
  2008 WL 4766952 (D. Del. Oct. 31, 2008) .........................................................5

*Smith v. Biden*,
  No. 21-CV-19457, 2021 WL 5195688 (D.N.J. Nov. 8, 2021)...........................10

*Troulliet v. Gray Media Grp., Inc.*,
  No. 22-CV-5256, 2023 WL 2894707 (E.D. La. Apr. 11, 2023) ........8, 11, 12, 13

*Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*,
  251 A.3d 1016 (Del. Super. Ct. 2021).................................................................3

*Winans v. Cox Auto., Inc.*,
  No. 22-CV-3826, 2023 WL 2975872 (E.D. Pa. Apr. 17, 2023).............11, 12, 13

## Other Authorities

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and
   Procedure § 1357 (3d ed. 2007)..............................................................................5

*Science Brief: SARS-CoV-2 Infection-induced and Vaccine-induced
   Immunity*, CDC (last updated Oct. 29, 2021),
   https://www.cdc.gov/coronavirus/2019-ncov/science/science-
   briefs/vaccine-induced-immunity.html..............................................................14

*What You Should Know About COVID-19 and the ADA, the
   Rehabilitation Act, and Other EEO Laws*, EEOC (last updated July
   12, 2022), https://www.eeoc.gov/wysk/what-you-should-know-
   about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws........................14

## I.   INTRODUCTION AND STATEMENT OF THE NATURE OF PROCEEDINGS

In early 2022, as the pandemic stretched to the end of its second year, and in the wake of the Delta and Omicron subvariants of the COVID-19 virus that caused significantly increased rates of illness and disruption, AstraZeneca Pharmaceuticals LP ("AstraZeneca" or "Defendant") implemented a requirement that all employees in the United States and Puerto Rico get vaccinated against COVID-19. Its primary goal in requiring employees to receive a COVID-19 vaccine was to protect the safety and well-being of its personnel as well as members of the public, including patients in the various public medical facilities visited by AstraZeneca's employees, some of which had their own vaccination rules for visitors. By requiring vaccination, AstraZeneca also sought to minimize the work-related disruptions caused by outbreaks of cases and instances of prolonged and serious illness in employees. AstraZeneca informed employees that they could request a reasonable accommodation exemption from the vaccine mandate if needed due to their inability to get vaccinated based on a disability or their sincerely held religious beliefs.

Plaintiffs are former employees of AstraZeneca who chose to remain unvaccinated. Apart from that, however, they have little in common. Plaintiff Hargrove, for example, was approved for an exemption from the vaccine requirement, and later resigned. Other Plaintiffs, by contrast, were separated after AstraZeneca denied their requests for a religious accommodation to its vaccine

mandate and they refused to become vaccinated. Plaintiffs now, after amending their complaint to remove Americans with Disabilities Act claims, allege religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination under the Age Discrimination in Employment Act ("ADEA"). Plaintiffs seek to proceed with the religious discrimination claims on a class basis and the age discrimination claims on a collective action basis.

AstraZeneca now moves to dismiss Count III, the "Natural Immunity" religious discrimination claim pled under Title VII, on the merits. AstraZeneca's approach of not excluding from the vaccine mandate those purportedly possessing "natural immunity" is not unlawful. Having "natural immunity" is not protected by Title VII. Moreover, AstraZeneca's mandate applied to all employees equally, whether they had sincerely held religious beliefs or not. Additionally, there is no established definition of what "natural immunity" actually means. Rather, available guidance and research from the U.S. Centers for Disease Control and Prevention clearly explains that there is limited scientific evidence on infection-induced immunity and the available evidence shows that the level of protection rendered by a prior infection is less consistent than vaccination-induced immunity and varies significantly across individuals. Plaintiffs do not, and cannot, allege that AstraZeneca knew which employees may have had sufficient "natural immunity" when it announced the vaccine mandate or as of April 29, 2022, when employees

2

who chose to remain unvaccinated and did not have an approved accommodation were separated. Nor do Plaintiffs allege that AstraZeneca knew which employees with purported "natural immunity" had a sincerely held religious belief precluding compliance with the vaccine mandate. Requiring all employees to request an accommodation to a broadly applicable requirement does not violate Title VII. Based on this context, and as set forth in additional detail below, AstraZeneca respectfully requests that the Court dismiss Count III, the "Natural Immunity" religious discrimination claim.[1]

As described in its separate letter motion, AstraZeneca also moves to strike the sincerely held religious belief Title VII religious discrimination class allegations in Count IV, and the ADEA age discrimination collective action claims in Counts I

---

[1] AstraZeneca's renewed motion to dismiss Count III of Plaintiffs' First Amended Class and Collective Action Complaint "suspends the time to answer the claims not subject to the motion" in the District of Delaware and Third Circuit. *See Brown v. Interbay Funding LLC*, 198 F. App'x 223, 225 (3d Cir. 2006) (granting an extension to answer the complaint until ten days after a decision on its pending motion to dismiss because "[w]hile the [plaintiffs] correctly note that Rule 7(a) requires both a complaint and an answer, they overlook that the time period for filing an answer is altered when a defendant files a motion under Rule 12"); *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1027–29 (Del. Super. Ct. 2021) (holding this Court will follow the federal majority rule to toll the answering period when a partial motion to dismiss is filed); *Jackson v. Carter*, 2017 WL 2426862, at *2 (D.N.J. June 5, 2017) (the Defendant's "partial motion to dismiss has suspended the time to answer"); *Cir. City Stores, Inc. v. Citgo Petroleum Corp.*, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("[A] partial 12(b) motion enlarges the time to file an answer.").

and II. Additionally, if not dismissed on the merits, AstraZeneca alternatively seeks to strike Count III, the "Natural Immunity" religious discrimination class claim.

## II. STATEMENT OF FACTS

### A. AstraZeneca Implements a COVID-19 Vaccination Requirement.

As a global pharmaceutical and biotechnology company, AstraZeneca is committed to safeguarding the health of its employees and their families, their patients, and the community at large from infectious diseases such as COVID-19. Early in the COVID-19 pandemic, AstraZeneca devoted significant resources to develop one of the first available vaccines and committed to a partnership with Oxford University to ensure broad and equitable vaccine access globally.

Recognizing that vaccination is a vital tool to reduce the presence and severity of COVID-19 cases in the workplace, in medical facilities, and the community at large, on February 15, 2022, AstraZeneca implemented its vaccine requirement and announced that all U.S. employees must submit proof of full COVID-19 vaccination by March 31, 2022. AstraZeneca informed employees, however, that they could request an exemption from the vaccination requirement, including for medical or religious reasons, by submitting a request by February 28, 2022. Linthorst. Decl., Ex. 1 (February 15, 2022, and February 24, 2022 Communications).[2] The February

---

[2] The Court may review these documents, which are incorporated into the Complaint through the numerous references to the vaccination mandate, without converting this motion into a summary judgment motion. *See In re Burlington Coat Factory Sec.*

15, 2022 communication further made clear that "[e]mployees who decline vaccination should understand this may result in the termination of your employment at AstraZeneca." *Id.*

## B. AstraZeneca's Interactive Process for COVID-19 Vaccine Mandate Accommodations.

As part of AstraZeneca's interactive accommodation request process, AstraZeneca required employees to complete and submit a Reasonable Accommodation Request Form. Compl. ¶¶ 79-80. After receiving the initial request and information provided, AstraZeneca then sent many requestors additional questions, stating that it needed additional information to arrive at a decision. Compl. ¶ 81. AstraZeneca also asked individuals to attach any documentation to their submission that they believed might be helpful, such as information on their beliefs or practices or a letter from a religious leader describing the applicable beliefs. Compl. ¶ 80.

---

*Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)(explaining that courts may consider a document "integral to or explicitly relied upon in the complaint . . . without converting the motion to dismiss into one for summary judgment"); *see also Riddell v. Gordon*, 2008 WL 4766952, at *2 (D. Del. Oct. 31, 2008)("[A] court is 'not limited to the four corners of the complaint' and cases have allowed 'consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint whose authenticity is unquestioned.'")(quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2007)).

After gathering and reviewing the information provided by each individual, AstraZeneca made a decision on each accommodation request and sent a determination to the employee. AstraZeneca granted "many" requests (*see* Compl. ¶¶ 128, 142, 167, 180, 195, 211), including the request by Plaintiff Hargrove, who resigned after her accommodation request was approved.[3] Each other Plaintiff decided not to get vaccinated after their request was denied and AstraZeneca terminated their employment for refusal to comply with AstraZeneca's vaccination requirement. *See* Compl. ¶¶ 130, 150, 174, 187, 201, 217.

## III. ARGUMENT

### A. Plaintiffs' Title VII "Natural Immunity" Claim (Count III) Should Be Dismissed for Failure to State a Claim.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief may be granted, Plaintiffs' Complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir.

---

[3] *See* Compl. ¶ 22 (stating that Ms. Hargrove was approved for an accommodation and subsequently resigned in July 2022).

2008)("Factual allegations must be enough to raise a right to relief above the speculative level."). "[N]aked assertions devoid of further factual enhancement" are inadequate. *Iqbal*, 556 U.S. at 678. The assumption of truth is inapplicable to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citations omitted). Plaintiffs fail to comply with these pleading requirements and thus, the Court should dismiss Count III of the Complaint.

In Count III, Plaintiffs allege that AstraZeneca's failure to exempt from the vaccine requirement those who purportedly possessed "natural immunity" was discriminatory because they then were required to request a religious accommodation. Compl. ¶¶ 281-282. However, to state a disparate treatment claim for religious discrimination under Title VII, plaintiffs must demonstrate that: (1) they are members of a protected class; (2) they were qualified for the position and suffered an adverse employment action; and (3) non-members of the protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 281-82 (3d Cir. 2001).

Here, Plaintiffs define the class as "[a]ll former AstraZeneca employees who possessed natural immunity on April 29, 2022, who also sought religious exemption and religious accommodation from the [vaccination] Mandate…" Compl.

¶ 230. As the Complaint states, however, AstraZeneca's vaccination mandate applied to its "entire U.S. based workforce" (Compl. ¶ 63) and "[c]onsistent with Title VII and ADA requirements, AstraZeneca provided instructions on obtaining religious and medical exemptions from the mandate." Compl. ¶ 79. While Plaintiffs' Amended Complaint states in conclusory fashion that AstraZeneca knew before it announced the vaccination requirement which of its employees "could not receive a vaccine due to religious objections and also possessed natural immunity," (Compl. ¶ 278), it fails to allege facts as to how AstraZeneca possibly could have known that. For example, nowhere in the Complaint do Plaintiffs allege that AstraZeneca polled its employees to determine either their religious beliefs as they pertain to vaccination or natural immunity status before requiring they get vaccinated. Moreover, the Complaint does not allege, because it cannot, that individuals who had sufficient natural immunity to be protected from COVID-19 in January 2022 when AstraZeneca announced its vaccination requirements (Compl. ¶ 63) still had sufficiently protective natural immunity months later at the end of April 2022 when AstraZeneca terminated Plaintiffs' employment. Compl. ¶ 1. But even taking Plaintiffs' allegations as true, they still fail to allege similarly situated non-religious individuals who had "natural immunity" were omitted from the vaccine requirement or were permitted to keep their jobs if they chose not to get vaccinated. Therefore, this claim must be dismissed. *See, e.g.*, *Troulliet v. Gray Media Grp., Inc.*, No. 22-

CV-5256, 2023 WL 2894707, at *6, n.4 (E.D. La. Apr. 11, 2023) (dismissing vaccine accommodation discrimination claims where the complaint did "not plead facts sufficient to find that [defendant] treated other similarly situated employees differently"); *Ramseur v. Concentrix CVG Customer Mgmt. Grp. Inc.*, 467 F. Supp. 3d 316, 325 (W.D.N.C. 2020), *aff'd*, 837 F. App'x 204 (4th Cir. 2021) (granting summary judgment because the plaintiff "fail[s] to establish a prima facie case of intentional religious discrimination because she has not provided evidence that other employees who had different beliefs were treated better than she for engaging in similar conduct").

To be clear, "natural immunity" status is not a protected category under federal employment law. The only limitation that Title VII places on a private employer's ability to implement a COVID-19 vaccine mandate is that it must provide reasonable accommodations that do not pose undue hardships for individuals with: (1) sincerely held religious beliefs; or (2) protected disabilities. *See, e.g.*, *Bridges v. Houston Methodist Hosp.*, 543 F. Supp. 3d 525, 527-28 (S.D. Tex. 2021), *aff'd sub nom. Bridges v. Methodist Hosp.*, 2022 WL 2116213 (5th Cir. June 13, 2022) ("[E]mployers can require employees be vaccinated against COVID-19 subject to reasonable accommodations for employees with disabilities or sincerely held religious beliefs that preclude vaccination. . . . Although her claims fail as a matter of law, it is also necessary to clarify that [Plaintiff] has not been

9

coerced. . . . [Plaintiff] can freely choose to accept or refuse a COVID-19 vaccine; however, if she refuses, she will simply need to work somewhere else."); *Keene v. City & Cnty. of San Francisco*, 2022 WL 4454362, at *4 (N.D. Cal. Sept. 23, 2022) ("Not only do the assertions [that vaccines are ineffective] by Plaintiffs fly in the face of scientific consensus, their claims fail to recognize well-settled law allowing for compulsory vaccination as a condition for employment.") (citing *Jacobson v. Massachusetts*, 197 U.S. 11, 39 (1905)); *Smith v. Biden*, No. 21-CV-19457, 2021 WL 5195688, at *7 (D.N.J. Nov. 8, 2021) (explaining, when analyzing a governmental vaccine mandate under constitutional law, that "vaccines are a safe and effective way to prevent the spread of COVID-19. Courts have repeatedly refused to enjoin an employer's COVID-19 vaccine mandate, provided they contain legally required exemptions . . . .").

Plaintiffs' belief that "natural immunity" should have been considered as an alternative to vaccination does not provide a basis for an exemption on religious grounds under Title VII and if anything, demonstrates that Plaintiffs' concerns about vaccination were not religious at all. *See, e.g., Keene*, 2022 WL 4454362, at *4 ("Feeling passionately about something or having a specific personal preference does not merit the status of a sincere religious belief."); *Federoff v. Geisinger Clinic*, 571 F. Supp. 3d 376, 388 (M.D. Pa. 2021)("[T]he [e]mployees' hyper-focus on the 'science' of testing and its potentially harmful health effects in their papers only

furthers this Court's skepticism that what objection they might have is rooted in a scientific or medical belief, not religion.").

In fact, in recent court decisions where the plaintiffs alleged nearly identical allegations about "natural immunity," courts have found these concerns demonstrate that the individual's objections to vaccination are not religious in nature. *See Troulliet v. Gray Media Grp., Inc.*, 2023 WL 2894707 (E.D. La. Apr. 11, 2023) and *Winans v. Cox Auto., Inc.*, No. 22-CV-3826, 2023 WL 2975872 (E.D. Pa. Apr. 17, 2023). In *Troulliet*, the court explained that not only were these concerns unrelated to religious reasons for avoiding vaccination, but they actually indicated that the plaintiff's beliefs regarding the COVID-19 vaccine "were based on purely secular considerations or were merely a matter of personal preference." *Id.* at *5. Similar to the allegations here, the plaintiff in *Troulliet* claimed that when her employer, a local Fox News affiliate, implemented a vaccine mandate, it was well known that: (i) COVID-19 vaccines were "largely ineffective" (here, Plaintiffs state "the available COVID-19 vaccines were ineffective, an unfortunate reality that was abundantly clear", Compl. ¶ 8); (ii) that "natural immunity" from a prior COVID-19 infection is more effective than vaccination (here, Plaintiffs state "the strength and durability of natural immunity has been observed through hundreds of years of research and is universally accepted as at least equivalent—but less profitable—to vaccine-based immunity", Compl. ¶ 9); and (iii) that "discovery will reveal that vaccinated

employees spread COVID-19 at higher rates relative to unvaccinated employees" (here, Plaintiffs state "vaccinated employees were contracting COVID-19 at very high rates … particularly relative to its unvaccinated employees who possessed natural immunity", Compl. ¶ 8). *Id.* at *1. The plaintiff alleged that the company's refusal to recognize "natural immunity" was inappropriate and brought Title VII and ADA claims. The court granted a motion to dismiss under Rule 12(b)(6) and observed that the "Complaint is replete with medical arguments why [the defendant's] policy was inadvisable and accusations that [the defendant] was motivated by virtue signaling", explaining "[s]uch beliefs cannot form the basis of a religious discrimination claim." *Id.* at *5 (citing cases).

In *Winans*, the plaintiff similarly alleged that, among other objections to vaccination, "the vaccine is ineffective at preventing the transmission of COVID-19 [and] would offer him and those around him little benefit because he may have had natural immunity.'" *Winans*, 2023 WL 2975872, at *1. Although the plaintiff alleged religious discrimination under Title VII, the court observed that "the Complaint primarily details Plaintiff's purely scientific, personal, and medical objections to the vaccine, including his belief that the vaccine is ineffective and his concerns with its potential side effects." *Id.* at *4. The decision explained plaintiff's objections were not the type of belief system that is comprehensive in nature and protected by Title VII. *Id.* at *4 (citing *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 491

(3d Cir. 2017). Ultimately, the court held that "[w]hile we accept as true that Plaintiff has concerns with the COVID-19 vaccine, we cannot reasonably infer, based on the facts alleged in the Complaint, that his concerns are religious in nature." *Id.*

Here, as noted above, Plaintiffs cite nearly identical rationales regarding "natural immunity." *See, e.g.*, Compl. ¶¶ 8,9. For similar reasons as the courts explained in *Troulliet* and *Winans*, this Court should find that objections to vaccination because it is not required for those with "natural immunity" cannot establish protection for an individual under Title VII. *See also Passarella v. Aspirus, Inc.*, No. 22-CV-287-JDP, 2023 WL 2455681, at *6 (W.D. Wis. Mar. 10, 2023) (granting a motion to dismiss under Rule 12(b)(6) in part and concluding that two of three individual plaintiffs "refused the vaccine based on their personal judgments about vaccine safety and not for religious reasons. They couched their requests in religious terms, claiming that their decisions had been ratified by prayer. But the use of religious vocabulary does not elevate a personal medical judgment to a matter of protected religion").

Moreover, AstraZeneca could not have known the "natural immunity" status of its employees whether at the time it implemented its vaccine mandate, at the time it terminated non-compliant employees, or at any point whatsoever, because there is no consensus definition of what "natural immunity" means in the COVID-19

context.[4] Plaintiffs at no point allege any factual details regarding the effectiveness of their individual immunity levels. Rather, they attempt to create a novel cause of action alleging Title VII religious discrimination based on their discontent with AstraZeneca not granting them an exemption from its COVID-19 vaccine requirements based on their purported, self-defined, and unascertainable "natural immunity." However, an employer's implementation of a universally applicable requirement and allowing individuals to submit accommodation requests to seek an exemption from the requirement is not discriminatory.

The EEOC, along with numerous courts, have explained that a private employer may implement a COVID-19 vaccine mandate so long as they allow individuals to request reasonable accommodations to that requirement based on a sincerely held religious belief or disability which prevents them from getting vaccinated. *See What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, EEOC (last updated July 12, 2022), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-

---

[4] *Science Brief: SARS-CoV-2 Infection-induced and Vaccine-induced Immunity*, CDC (last updated Oct. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/vaccine-induced-immunity.html (explaining that an individual's antibody levels after recovery from COVID-19 vary widely, are typically less consistent and lower than after receiving a COVID-19 mRNA vaccine, may be decreased in the elderly and immunocompromised, can vary based on the variant of COVID-19 the person experienced, and noting "[a]t this time there is no specific antibody test or antibody threshold that can determine an individual's risk of subsequent infection").

rehabilitation-act-and-other-eeo-laws ("The federal EEO laws do not prevent an employer from requiring all employees to be vaccinated against COVID-19, subject to the reasonable accommodation provisions of Title VII…"); *see also, e.g.*, *Fallon*, 877 F.3d at 489 (3d Cir. 2017) (rejecting challenges to a flu vaccine mandate on religious grounds and upholding the employer's vaccine mandate)*; Bridges*, 543 F. Supp. 3d at 527-28 (holding that employers can mandate vaccination the same way they can control other term of employment and explaining that "[e]very employment includes limits on the worker's behavior in exchange for his remuneration. That is all part of the bargain"); *Keene*, 2022 WL 4454362, at \*1, 4 (rejecting vaccine mandate religious discrimination claims where plaintiffs argued that their natural immunity provided "equivalent or greater protection" than vaccine-induced immunity and explaining it was "well-settled law" that employers can make vaccination compulsory); *Hughes v. Terminix Pest Control, Inc.*, No. 22-CV-3676, 2023 WL 2562720, at \*1 (E.D. La. Mar. 17, 2023) (upholding a private employer's vaccine mandate that contained legally required exemptions); *Johnson v. Tyson Foods, Inc.*, 607 F. Supp. 3d 790, 809 (W.D. Tenn. 2022) (same); *McCutcheon v. Enlivant ES, LLC*, No. 21-CV-00393, 2021 WL 5234787, at \*3 (S.D.W. Va. Nov. 9, 2021) (upholding a private employer's vaccine mandate and explaining that the plaintiff "is free to accept or refuse the COVID-19 vaccine. If she refuses, she need only to pursue employment elsewhere"); *Ananias v. St. Vincent Med. Grp., Inc.*, No.

22-CV-1723-RLM, 2022 WL 17752208, at *3 (S.D. Ind. Dec. 19, 2022) (granting a motion to dismiss vaccine accommodation claims where the plaintiff claimed the mandate forced her to choose between keeping her job and honoring her religion and explaining "simply disliking or disagreeing with terms of employment because of one's religious beliefs doesn't mean an employee has a cause of action").

As Count III of the Complaint does not plausibly allege any *religious* rationale for why individuals with "natural immunity" cannot be vaccinated against COVID-19, and there is no legal protection from a vaccine mandate for those with "natural immunity," this claim should be dismissed.

## IV.  CONCLUSION

For these reasons, AstraZeneca respectfully requests that the Court grant its motion to dismiss Count III of Plaintiffs' First Amended Complaint with prejudice under Rule 12(b)(6).

Dated: April 24, 2023

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Jody C. Barillare*
Jody C. Barillare (#5107)
1201 North Market Street, Suite 2201
Wilmington, DE 19801
Tel:  302.574.3000
Fax:  302.574.3001
jody.barillare@morganlewis.com

*Attorneys for Defendant AstraZeneca*
*Pharmaceuticals, LP*

16